## THE ABBY INGALLS.

## THE ALFRED A.

*(District Court, D. Massachusetts.   April, 1882.)*

1. COLLISION—RULE OF THE ROAD—VESSEL CLOSE-HAULED.
   Where two vessels are meeting, end on or nearly end on, the one close-hauled on the starboard tack and the other having the wind on her port side, the vessel close-hauled has the right of way by the well-settled rule of the road.
2. FAULT—NEGLECT OF LOOKOUT.
   Where the lookout failed to see the lights of the approaching vessel until too late to avoid the collision, liability attaches from such fault.

*John Lathrop*, for owners of the Alfred A.

*J. C. Dodge* and *F. Dodge*, for owners of the Abby Ingalls.

NELSON, D. J.   These are cross-libels for a collision between the schooner Abby Ingalls and the sloop Alfred A., which took place on the thirtieth of July, 1875, at 10 P. M., about four miles south-east of Highland light, on Cape Cod.   In the libel in behalf of the Alfred A. it is charged that the wind, at the time of the collision, was varying from W. by S. to W. S. W., blowing fresh, and the course of the Alfred A. was N. by W.; that the lookout saw a red light on another vessel about a quarter of a mile distant, and about half a point on the weather or port bow; that the helm of the sloop was thereupon put hard to port to keep the vessel off; that the approaching vessel, which proved to be the Abby Ingalls, also kept off, although the mate of the Alfred A. shouted to the schooner to put her helm hard down; and that the schooner run into the sloop, striking her on the port bow.   The case stated in the libel in behalf of the Abby Ingalls is that the wind was blowing from about S. W. by W., a fresh breeze, and varying slightly; that the schooner was steering close-hauled by the wind on the starboard tack, and pursuing a general course of about S. by E.; that the lights of the sloop were first seen a few minutes before the collision about one-half or three-quarters of a point over the port or lee bow of the schooner; that the sloop came straight on, luffing a little as she approached the schooner, and immediately struck the schooner on her port bow; and that the schooner made no change of course whatever, except to put her helm to port, when the sloop was so near as to render a collision inevitable, to ease the force of the blow.

I am of the opinion that the evidence sustains the allegations of the respective libellants as to what took place on board their own vessels;

and that the Alfred A. did not luff, but kept off; and the Abby Ingalls did not keep off, but kept her course, and ported her helm only when the collision was inevitable, and then only to ease the blow. It is also clearly proved that the Abby Ingalls had a competent lookout forward, and had both her lights set and burning. The parties agree that the wind was varying. Its precise direction is not material, as the Abby Ingalls was not laying her course, but was close-hauled, steering by the wind. It thus appears that the two vessels were meeting, end on, or nearly end on, so as to involve risk of collision; that the Alfred A., having the wind on her port side, ported her helm; and that the Abby Ingalls, close-hauled on the starboard tack, and steering by the wind, kept her course. It seems to be well settled that under such conditions the vessel close-hauled on the starboard tack, has the right of way. *Bentley* v. *Coyne*, 4 Wall. 509; *The Ontario*, 2 Low. 40, affirmed on appeal; *Swift* v. *Brownell*, 1 Holmes, 467; *The Mary Doane*, 2 Low. 428. The reason is that in the case of a sailing-vessel on the port tack, whether close-hauled or not, the effect of porting her helm is to go off before the wind, and the command is preserved; but if she is close-hauled on the starboard tack the effect of porting is to bring her head up against the wind, so as to render her unmanageable. By the well-settled law of the road, the Abby Ingalls had the right of way, and by keeping her course until the collision was inevitable, performed her whole duty.

I am of the opinion that the accident happened from the failure of the lookout of the Alfred A. to see and report the schooner in season. It appears from the testimony of the pilot, who was at the wheel, that the first he knew of the approach of the schooner was from the lookout calling out to him, "Do you see that vessel ahead?" to which the pilot replied, "No; let me know in season." Directly after this the word came from the lookout, "Hard a-port." The wheel was at once put hard to port, and the sloop swung off from two to three points; but too late to avoid the collision. This very plainly shows that they were close upon each other when the lookout first saw the schooner. The atmosphere was clear, without haze or fog; and there was no reason why the schooner's lights could not have been seen by the lookout in ample season to avoid the collision.

The libel of the Alfred A. against the Abby Ingalls is to be dismissed, with costs; and in the case of the Abby Ingalls against the Alfred A. there is to be an interlocutory decree for the libellants.

Ordered accordingly.